GEORGE W. FISHER, Appellant, *v.* DOMINICK TARZIO, Respondent.
MILTON V. LEVITCH, Appellant, *v.* DOMINICK TARZIO, Respondent.

Third Department, August 13, 1959.

*Jack Goodman*, *Bender Solomon* and *Milton Kaplan* for appellants.

*Oliver, Scully & Delaney* (*John J. Scully* of counsel), for respondent.

BERGAN, J. P. The claims of two plaintiff passengers who were injured while riding in the defendant's automobile have been disallowed by a jury which returned a verdict for the defendant. The car, fully in control of the defendant as operator, without interference by any other vehicle, ran off the road in an area of construction.

No act of negligence has been attributed to the plaintiffs in the operation of the car. On defendant's own proof we consider the verdict against the weight of evidence.

At the site of accident on Route 9 in Rensselaer County road construction was in progress and a ditch had been dug along the right side of the pavement in the direction in which defendant was operating his car. Although it was at night, a line of flares along the edge of the pavement warned of the construction work.

The plaintiffs' theory of negligence is that defendant dropped a cigarette, stooped over to pick it up, and hence lost control of the car. Defendant's own version is that as he was driving along the road " something took the wheel out of my hand and I went into the ditch ", and that he dropped the cigarette when the wheel went out of his hands and attempted to retrieve it. This " something " in the road was amplified to be " a ditch " that " extended into my lane so that· * * * my right front wheel dropped in it and pulled my hands ". Although defendant had headlights on and was observing the road as he drove he did not see this " ditch " until he ran into it.

Concededly the whole road was under construction in this area; the pavement had been removed and the surface was generally rough and uneven. The " ditch " in the road is not clearly described in the record as to depth and size. It is described by

defendant merely as a "hole" or "ditch" extending "about three feet" on the lane in a "V" shape to both shoulders of the road. It is not easy to visualize what this was and there is no further enlightenment in the record.

It is of importance upon the question of weight of evidence what defendant did when "something took the wheel out" of his hand. He testified that "when the wheel went out of my hand, I knocked the cigarette out of my mouth, and that's it."

Although his car was then plainly and obviously in peril, he "leaned over" to pick up the cigarette. On direct examination he testified "I never retrieved it * * * I never picked it up."

On cross-examination he admitted that he had testified that he was "reaching for the cigarette" when he "lost control of the car"; and when asked if that statement was the truth he answered "Yes, sir, that's instinct". He was then asked: "Q. To reach for the cigarette when it came out of your mouth? A. The same way it was instinct when the wheel pulled out of my hand, I just naturally went with it, you know. Q. Well, the cigarette, you were reaching for a cigarette when you lost control of your car, weren't you? A. That's right. I lost control of everything."

This explanation by the defendant himself leads us to the view that there ought to be a new trial. The only essential difference between the versions of the two sides of the case on this issue is that the plaintiffs claim the loss of the cigarette and reaching to get it played a direct causative part in the accident; while defendant's testimony is to the effect that the turning of the wheel due to the condition of the road occurred first and the loss and reaching for the cigarette followed in sequence.

In either version it is difficult to avoid the imputation of negligence to defendant. If a man loses control of the wheel of a car in which he carries passengers he is obligated as a very minimum of duty to give the wheel and operation of the car his first attention. If he undertakes to do something else, too, and immediately an accident results, he takes a fairly long chance of liability. We consider the verdict against the weight of evidence.

The judgments should be reversed on the law and the facts and a new trial ordered, with costs to abide the event.

Coon, Gibson and Reynolds, JJ., concur; Herlihy, J., dissents and votes to affirm. There was sufficient evidence to justify the verdict of the jury.

Judgments reversed on the law and the facts and a new trial ordered, with costs to abide the event.